IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL THOMAS PHIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-169-GMS |
| | ) |
| SEVENSON ENVIRONMENTAL | ) |
| SERVICES, INC. and DELAWARE | ) |
| SOLID WASTE AUTHORITY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff Samuel T. Phifer ("Phifer"), who proceeds *pro se*, filed this lawsuit on

February 22, 2011, alleging employment discrimination by reason of race in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, 42 U.S.C. § 1981, and 42 U.S.C. § 1985.

Phifer also raises supplemental claims under Delaware law. (D.I. 2.)

Before the court are motions to dismiss filed by the defendants Sevenson Environmental

Services, Inc. ("Sevenson") and Delaware Solid Waste Authority ("DSWA") and a motion for a

more definite statement filed by Sevenson. (D.I. 14, 16.) Also before the court are Phifer's

motion to supplement, motion to amend, motions for summary judgment, and motion for default

judgment. (D.I. 11, 18, 21, 22.) For the reasons that follow, the court will grant in part and deny

in part Sevenson's motion to dismiss and will deny the motion for a more definite statement, will

grant DSWA's motion to dismiss, will grant Phifer's motion to supplement the complaint, will

deny Phifer's motion to amend, will deny as premature Phifer's motions for summary judgment,

and will deny Phifer's motion for default judgment.

## II. BACKGROUND

Phifer worked for Sevenson as a heavy equipment operator and off road truck driver at the DSWA Cherry Island landfill project in Wilmington, Delaware beginning in October 2006 through December 19, 2008. Sevenson and DSWA had a "contractual agreement through the Cherry Island landfill project." The complaint alleges that the contract is a legal binding agreement under Delaware and federal law pursuant to 42 U.S.C. § 1981 and the United States Constitution, Article VI Supremacy Clause. Phifer alleges that, upon his hire, he was automatically covered under contract through clauses pertaining to employment, pay, and prevailing wages. He alleges that Sevenson refused to pay him Delaware prevailing wages as specified in the contract and that DSWA refused to withhold money from Sevenson owed to Phifer for back wages as specified in the contract. Phifer alleges that he "cannot legally agree to the violation of his rights for the purpose of employment (demotion and cut in salary). He alleges violations of his right to due process and equal protection, Title VII employment discrimination and retaliation, breach of contract through deprivation of wages and conspiracy. In addition to statutes previously mentioned, the complaint refers to the Wage Payment and Collection Act of Delaware ("WPCA"), 19 Del. C. §§ 1103 through 1113, the Fourteenth Amendment, and Title VII § 2000e-2(a) and (m). (D.I. 2, exs.)

Attached to the complaint are charges of discrimination Phifer filed with the Delaware Department of Labor ("DDOL") asserting discrimination and owed wages, as follows:[1]

---

[1]If a charge filed with the DDOL is also covered by federal law, the DDOL "dual files" the charge with the Equal Employment Opportunity Commission ("EEOC") to protect federal rights. *See* http://dia.delawareworks.com/discrimination/file-a-charge.php.

2

(1) **FEPA No. 08110623W** and **EEOC No. 17C-2009-00114** ("November 12, 2008 charge of discrimination"), dated November 12, 2008, against Sevenson alleging disparate treatment with regard to Phifer's wages compared to similarly situated white co-workers. Phifer was laid off in October 2007 and rehired in March 2008 at lower wages than paid to white workers. The DDOL issued its right to sue letter on May 24, 2010.;[2] (2) **FEPA No. 0901005lW** and **EEOC No. 17C-2009-00396** ("January 27, 2009 charge of discrimination"), dated January 27, 2009, against Sevenson charging retaliation in the form of a lay-off on December 19, 2008, following Phifer's November 12, 2008 charge of discrimination. The DDOL issued its right to sue notice on May 24, 2010 and conciliation was completed on June 23, 2010. The EEOC issued its notice of right to sue on June 27, 2011.; (3) **FEPA No. 09090450W** and **EEOC No. 17C-2009-01104** ("September 28, 2009 charge of discrimination"), against DSWA charging race discrimination and retaliation when it refused to act on Phifer's complaints to have DSWA enforce its contractual obligations to Sevenson.[3] (D.I. 2, exs. A, B, C, F, G; D.I. 11, ex. 1.)

Sevenson moves for dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (D.I. 14, 15.) Similarly, DSWA moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 16, 17.) Phifer opposes the motions, moves to supplement, moves to amend, and moves for summary judgment. (D.I. 11, 18, 21.) He also requests default judgment. (D.I. 22.)

---

[2]There is no indication in the record that, to date, the EEOC has issued its right to sue notice.

[3]There is no indication in the record, to date, of issuance by the DDOL or the EEOC of their right to sue notices.

## III. STANDARDS OF REVIEW

### A. Dismissal

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Phifer proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Phifer has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege Phifer's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

4

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. In making this determination, the court may look to the allegations made in the complaint, the exhibits attached to the complaint, and any documents whose authenticity no party questions and whose contents are alleged in the complaint. *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Documents attached to a defendant's Rule 12(b)(6) motion to dismiss may only be considered if they are referred to in the plaintiff's complaint and if they are central to the plaintiff's claims. *Id.* "Courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient" unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 202).

## B. More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Alston v. Parker*, 363 F.3d 229, 234 n.7 (3d Cir.

5

2004). "The Rule 12(e) 'motion shall point out the defects complained of and the details desired.'" *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (quoting Fed. R. Civ. P. 12(e)). "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." *Id.*

In general, "a motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Frazier v. SEPTA*, 868 F.Supp. 757, 763 (E.D. Pa. 1996); *see also Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011) ("Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored'"). "[I]t is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). Ultimately, however, "the decision to grant a motion for a more definite statement is committed to the discretion of the district court." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008); *accord MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008).

## C. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] Fed.

---

[4]Rule 56 was revised by amendment effective December 1, 2010. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Fed. R.

R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the clams in question. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–461 (3d Cir. 1989). Pursuant to Rule 56(c)(1), a non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . ." Fed. R. Civ. P. 56(c) (1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–249. *See Matsushita Elec. Indus. Co.,* 475 U.S. at 586–587 ("Where the record taken as a whole could

Civ. P. 56 advisory committee's note to 2010 Amendments.

not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

## IV. DISCUSSION

### A. Dismissal

#### 1. Pleading Deficiencies

Sevenson moves for dismissal of the complaint on the grounds that it fails to meet the pleading requirements of *Iqbal* and *Twombley*. Similarly, DSWA moves for dismissal of the breach of contract, conspiracy, discrimination, retaliation, equal protection, due process, and supremacy clause claims on the basis that the complaint lacks sufficient detail to satisfy pleading requirements.

Regarding the equal protection, due process, and supremacy clause claims, the complaint contains conclusory allegations and legal theories with no supporting facts that state plausible claims for relief. Therefore, the court will grant the motions to dismiss the equal protection, due process, and supremacy clause claims.

#### 2. Title VII Discrimination

##### a. Employer/Employee

Phifer alleges employment discrimination by reason of race. DSWA moves for dismissal of the Title VII claims on the grounds that it was not Phifer's employer. Title VII authorizes a cause of action only against employers, employment agencies, labor organizations, and training

8

programs. *See* 42 U.S.C. § 2000e-2. Section 2000e defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). "The term 'employee' means an individual employed by an employer." 42 U.S.C. § 2000e(f).

In his opposition, Phifer argues that DSWA is an agent of Phifer's employer. The complaint, however, does not present facts sufficient to either invite Title VII liability or support a plausible claim for relief on its face. It alleges that Phifer worked for Sevenson and that he was covered in the contract as an employee of Sevenson. Inasmuch as the complaint contains no allegations that DSWA was Phifer's employer, the court will grant DSWA's motion to dismiss the Title VII claims.[5]

#### b. Administrative Remedies

Sevenson moves for dismissal of the Title VII claims on the grounds that Phifer filed three separate EEOC charges, but provided only two final determinations and right to sue notices from the DDOL and one from the EEOC.[6] Sevenson contends that ninety days have passed to file lawsuits based upon the November 12, 2008 charge of discrimination and the January 27, 2009 charge of discrimination and, therefore, Phifer is time-barred from raising these claims. Even though the September 28, 2009 charge of discrimination is directed against DSWA,

---

[5]In addition, as will be discussed in Section IV.A.2.b., Phifer produced no evidence to refute Sevenson's position that he has not yet exhausted the administrative remedies for the September 28, 2009 charge of discrimination against DSWA.

[6]The complaint alleges only Title VII violations. It does not raise employment discrimination claims under Delaware's Discrimination in Employment Act, 19 Del. C. §§ 710-719.

9

Sevenson moves for dismissal of the claim on the grounds that Phifer failed to provide a right to sue notice, and there is no evidence that he has exhausted his administrative remedies. Phifer responds that the EEOC issued its notice of right to sue for the January 27, 2009 charge of discrimination.

A plaintiff may not file a Title VII suit in federal court without first exhausting all avenues for redress at the administrative level, pursuant to 42 U.S.C. § 2000e–16(c). *See Francis v. Mineta,* 505 F.3d 266, 272 (3d Cir. 2007); *Doe v. Winter*, 2007 WL 1074206 (M.D. Pa. Apr.5, 2007). This prerequisite, akin to a statute of limitations, mandates dismissal of the Title VII claim if a plaintiff files the claim before receiving a right to sue notice. *See Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. 2007) (not published) (plaintiff may not proceed with Title VII claim because he neither received a right to sue letter nor submitted evidence indicating that he requested a right to sue letter); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Without first affording the EEOC an opportunity to review and conciliate the dispute, a plaintiff may not seek relief in federal court for her Title VII claim. *Burgh*, 251 F.3d at 470.

The administrative prerequisites as provided in 42 U.S.C. § 2000e-5, require a plaintiff to first lodge a complaint with either the EEOC or the equivalent state agency responsible for investigating claims of employment discrimination, in Delaware the DDOL. S*ee* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims and issues a right-to-sue letter, only then may a plaintiff file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1). Section 2000e-5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter.

A DDOL right to sue notice entitles a plaintiff to file a timely civil action in the Delaware Superior Court within ninety days of its receipt or within ninety days of receipt of a federal right to sue notice, whichever is later. 19 Del. C. § 714(a). Regardless of the receipt of a DDOL right to sue notice, a plaintiff seeking relief in federal court must subject his claims to the EEOC administrative process. *See* 42 U.S.C. § 2000e-5. The receipt of a federal right to sue notice indicates that a complainant has exhausted administrative remedies, an "essential element for bringing a claim in [federal] court under Title VII." *See Anjelino v. New York Times Co.*, 200 F.3d 73, 93 (3d Cir. 1999); *see also Burgh*, 251 F.3d at 470.

In the instant case, Phifer filed charges of discrimination with the DDOL on November 12, 2008, January 27, 2009, and September 28, 2009. Consistent with its written practices, the charges of discrimination indicate that, because the discrimination charges were covered by Title VII, the DDOL "dual filed" the charges with the EEOC. *See* 42 U.S.C. §§ 2000e, *et seq*. Once a charge is filed with the EEOC, a complainant must allow a minimum of 180 days for a proper EEOC investigation to proceed. *See* 42 U.S.C. § 2000e-5(f)(1): *see also Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361 (1977) (holding that a private right of action does not arise until 180 days after a charge has been filed with the EEOC). After 180 days, the complainant on his own may also request a right to sue notice, and the EEOC must issue the letter promptly on request. *See* 29 C.F.R. § 1601.28(a)(1).

The record does not indicate that any Title VII claims were administratively exhausted prior to Phifer's filing his complaint in this court. It is undisputed, however, that the EEOC

11

issued a right to sue notice for the January 27, 2009 charge of discrimination[7] on June 27, 2011,

after the complaint was filed and that Phifer has exhausted his administrative remedies as to that

claim. However, neither the complaint nor any of Phifer's oppositions or motions for summary

judgment include copies of an EEOC right to sue notice for the November 12, 2008 charge of

discrimination against Sevenson or the September 28, 2009 charge of discrimination against

DSWA. In addition, Phifer had the option of waiting 180 days from the date his charges were

filed with the EEOC to request an EEOC right to sue notice pursuant to 42 U.S.C. § 2000e-5, but

again neither the complaint nor Phifer's responses or motions indicate that he contacted the

EEOC to request right to sue notices for the November 12, 2008 charge of discrimination against

Sevenson or the September 28, 2009 charge of discrimination against DSWA. Phifer has failed

to exhaust his Title VII administrative remedies on these two claims and, therefore, they will be

dismissed without prejudice.

To the extent that Phifer intended to bring claims under Delaware's Discrimination in

Employment Act, the claims are time-barred as they were not filed within ninety days of receipt

of the right to sue notices. When Phifer received his DDOL right to sue notices, he could have

filed a timely complaint with the Delaware Superior Court pursuant to 19 Del. C. § 714(a). The

DDOL right to sue notice for the November 12, 2008 charge of discrimination is dated May 24,

2010, and the DDOL notice for the January 27, 2009 charge of discrimination is dated May 24,

2004, with a conciliation date of June 23, 2010. Phifer did not file the instant complaint until

February 28, 2011, far past the ninety day limit to file a lawsuit.

---

[7]The DDOL issued its right to sue notice for the same charge of discrimination much
earlier, on May 24, 2010, with conciliation occurring on June 23, 2010.

12

Accordingly, the court finds that Phifer has failed to adequately exhaust administrative remedies for the November 12, 2008 charge of discrimination and the September 28, 2009 charge of discrimination, and will grant the motion to dismiss these two claims for failure to exhaust. The November 12, 2008 charge of discrimination and the September 28, 2009 charge of discrimination will be dismissed without prejudice. Because he proceeds *pro se*, the court will give Phifer thirty days to supplement the record with proof that the two aforementioned claims were filed timely and otherwise in compliance with 42 U.S.C. § 2000e-5.

### 3. Title VII Retaliation

Phifer provided a right to sue letter with regard to the Title VII retaliation claim against Sevenson. It moves for dismissal of the claim on the grounds that Phifer has failed to plead a prima facie case of discrimination.

To establish a prima facie case of retaliation, Phifer must demonstrate that: (1) he engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *See Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d 265, 286 (3d Cir. 2001); *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1999). A causal link between protected activity and adverse action may be inferred from an unusually suggestive temporal proximity between the two, an intervening pattern of antagonism following the protected conduct, or the proffered evidence examined as a whole. *Kachmar*, 109 F.3d at 177.

Sevenson argues that the amended complaint does not allege the protected activity, when and what adverse action followed the protected activity, and the causal connection between the

13

two. Sevenson, however, did not consider the January 27, 2009 charge of discrimination attached to the complaint at exhibit B. Therein, Phifer alleges that he filed the November 12, 2008 charge of discrimination; he was laid-off approximately one month after he filed a charge of discrimination against Sevenson; and there is an inference of causal a connection in that no reason was given for placing Phifer on "will-call" status, Phifer was more experienced that the presently employed laborers, yet he was the only employee placed on "will-call" status.

Liberally construing the complaint, as the court must, and considering the charge of discrimination attached as an exhibit to the complaint, the court finds that Phifer has adequately alleged a claim of Title VII retaliation against Sevenson. Accordingly, the court will deny Sevenson's motion to dismiss the Title VII retaliation claim.

### 4. 42 U.S.C. § 1981

Sevenson moves for dismissal of the § 1981 claim on the grounds that he has failed to allege the position he sought, whether he was qualified for the position, how other nonmembers of the protected class were treated more favorably for the position, or any particulars regarding his employment. DSWA moves for dismissal of the § 1981 claim on the grounds that it has not breached any obligation to Phifer.

Section § 1981 provides that "all persons . . . shall have the right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of the laws and proceedings . . . as is enjoyed by white citizens." "[T]he phrase 'make and enforce contracts' is broadly defined to include 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181 n.3 (3d Cir. 2009) (quoting 42 U.S.C. §

14

1981(b)). The substantive elements of § 1981 claims are generally identical to those of employment discrimination claims brought forth under Title VII. *J. Kaz, Inc.*, 581 F.3d at 181-82 (citing *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 499 (3d Cir. 1999)). In order to show a prima facie case of racial discrimination, Phifer must allege that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

The court looks to the November 12, 2008 charge of discrimination against Sevenson attached to the complaint at exhibit A. Therein, Phifer alleges that he is black; worked as an operator and was rehired as an operator in March 2008; rehired at the lower laborer rate even though he worked as an operator and then discovered that others were being paid full scale; and he was the only black operator. Liberally construing the complaint, and considering the charge of discrimination attached as an exhibit to the complaint, the court finds that Phifer has adequately alleged a § 1981 claim against Sevenson. Accordingly, the court will deny Sevenson's motion to dismiss the § 1981 claim.

The complaint however, fails to state a § 1981 claim against DSWA. The charge of discrimination alleges that DSWA refused to enforce its contractual obligations with Sevenson regarding the issue of wages and, in turn, this refusal was a form of retaliation and discrimination against Phifer. Exhibit E attached to the complaint indicates that DSWA advised that it would intervene and withhold funds from Sevenson if Phifer and Sevenson could not resolve their differences through the DDOL process. Phifer was advised that the funds in question would be

15

withheld in an effort to persuade Sevenson to fulfill its contractual obligations, but that the funds would not be paid directly to Phifer. (*See* D.I. 2 at ex. E.)

Even liberally construing the complaint and considering the exhibits to the complaint, Phifer has failed to state a § 1981 claim. The allegations indicate that Phifer was employed by Sevenson and that DSWA responded to Phifer's wage complaints, neither of which lead to the conclusory allegations that DSWA discrimination or retaliated against Phifer on the basis of race in violation of § 1981.[8] For these reasons, the court will grant DSWA's motion to dismiss the § 1981 claim.

### 5. 42 U.S.C. § 1985(c) Conspiracy

Sevenson moves for dismissal of the § 1985 claim on the grounds that the amended complaint provides no details of any conspiracy or any act in furtherance of the conspiracy. DSWA moves for dismissal on the grounds that there are sufficient facts to satisfy pleading requirements.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the

---

[8]To the extent that DSWA is considered a state agency, the amendments to § 1981 in the Civil Rights Act of 1991 did not create an implied private right of action against state actors beyond that provided by § 1983, and even if § 1981 created a private right of action against state actors, it must be alleged that the discrimination was pursuant to an official policy or custom of the city to state a claim. *See McGovern v. Philadelphia*, 554 F.3d 114 (3d Cir. 2009).

deprivation of any right or privilege of a citizen of the United States.[9] *See Lake v. Arnold,* 112
F.3d 682, 685 (3d Cir. 1997).

The § 1985(3) conspiracy claim fails to state a claim as it consists of nothing more than
vague, conclusory allegations, with no facts to support the claim. Therefore, the court will grant
the motions to dismiss the conspiracy claim.

## 6. Breach of Contract

Sevenson argues that, as to the breach of contract claim, it is unclear what law applies
since the full contract is not attached to the operative pleading. In addition, the complaint fails to
assert how Phifer is a party or third-party beneficiary to the contract between Sevenson and
DSWA, the particulars as to the breach of an obligation by defendants, and that Phifer was
damaged as a result of the breach. DSWA moves for dismissal on the grounds that there was no
contract between it and Phifer and it was not obligated to pay Phifer the disputed wages pursuant
to the contract between it and Sevenson. DSWA argues that Phifer has not alleged the required
elements to state a claim. In the alternative, it argues that should Phifer be considered a third-
party beneficiary, the terms of the contract for paying amounts due to Sevenson employees are
discretionary, not mandatory. In addition, there is no provision that DSWA was required to make
payment to PHifer.

A plaintiff in a standard breach of contract action must show that there was a legally
binding agreement that was breached. *Gibson v. Car Zone,* 2011 WL 3568258, at *3 n.21 (Del.
Super. Ct. May 3, 2011) (citing *Rash v. Equitable Trust Co.*, 159 A. 839, 840 (Del. Super. Ct.
1931)). A plaintiff in a third party beneficiary action must show three additional elements to

---

[9]Sections 1985(1) and (2) are inapplicable based upon the facts as alleged.

17

establish standing: (1) an intent between the contracting parties to benefit a third party through the contract; (2) an intent that the benefit serve as a gift or satisfaction of a debt to the third party; and (3) a showing that the benefitting of the third party was a material part of the bargain. *Gibson*, 2011 WL 3568258, at \*3 n.21 (citing *Reserves Dev. LLC v  Severn Sav. Bank*, 2007 WL 4054231 (Del. Ch. Nov. 9, 2007)).

Phifer alleges a contract between the defendants and a breach of the contract. Yet, even if Phifer is considered a third-party beneficiary, the complaint fails to allege the three required elements to establish his standing. The pleading is deficient and fails to state a breach of contract claim. Therefore, the court will grant the defendants' motions to dismiss.

## 7. Wage Payment Collection Act

DSWA moves for dismissal of the WPCA claim on the grounds the act is inapplicable to it inasmuch as it was not Phifer's employer. Sevenson did not move for dismissal of this claim.

Claims for wages against one's employer may be made pursuant to Delaware's WPCA. 19 Del. C. § 1101, *et seq.*; *Holden v. Gaico, Inc.*, 736 A.2d 202, 203 (Del. Super. Ct. 1999). As is apparent from the allegations in the complaint, Phifer was employed by Sevenson, not DSWA. Hence, any claim for relief pursuant to the WPCA should be brought against Phifer's employer as set forth in § 1113 of the WPCA.

Because Phifer was not employed by DSWA, his claim against it pursuant to the WPCA fails to state a claim upon which relief may be granted. Therefore, the court will grant DSWA's motion to dismiss the WPCA claim raised against it.

18

## B. More Definite Statement

The court finds that when considering the allegations of the complaint in conjunction with the charges of discrimination attached as exhibits to the complaint, Phifer has adequately stated claims for Title VII retaliation, 42 U.S.C. § 1981, and WPCA claims against Sevenson. The claims are not so vague or ambiguous that Sevenson cannot reasonably prepare a response. Therefore, the court will deny Sevenson's motion for a more definite statement.

## C. Summary Judgment

Phifer moves for summary judgment on the grounds that his original complaint is supported by the law and record evidence such that a decision should be rendered in his favor. (D.I. 18, 21.) Sevenson and DSWA oppose the motions on the grounds that Phifer has failed to prove that he is entitled to judgment as a matter of law and his complaint fails to state a claim upon which relief may be granted. (D.I. 19, 20.)

At this juncture of the case, the evidence of record does not support Phifer's motions for summary judgment. The motions are premature and will be denied.

## D. Amendment

Phifer moves to amend his complaint to add as a defendant, Joyce Wienke ("Wienke"), Human Resource Manager for Sevenson. Phifer indicates that Wienke was Sevenson's representative and contact on all EEOC and DDOL charges. In addition, she was responsible for contractual obligations regarding employment as well as and Title VII compliance. (D.I. 18.)

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days

19

after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The grant of leave to amend, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be denied if there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

There is no individual employee liability under Title VII. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 290 (3d Cir. 2002). Moreover, the court is unable to discern from the scant allegations what claim or claims Phifer attempts to raise against Wienke. Therefore, the court will deny the motion to amend.

## E. Default Judgement

Phifer moves for default judgment on the grounds that DSWA did not respond to his motion for summary judgment. (D.I. 22.) Phifer filed two motions for summary judgment. One on August 11, 2011 (D.I. 18) and the other on August 18, 2011 (D.I. 21). Because it was not clear if the August 11, 2011 motion was directed against both defendants, DSWA responded to it on August 15, 2011, and made clear in its response why it filed the opposition. A few days later, Phifer filed a motion for summary judgment specifically directed towards DSWA. DSWA explains that it was unaware that the two motions for summary judgment were different until

20

Phifer filed the motion for default judgment. It indicates that, regardless, its response is equally applicable to the second motion for summary judgment.

Phifer's position that default judgment is appropriate because DSWA did not file a specific response to the August 18, 2011 motion for summary judgment is, at best, disingenuous. Accordingly, the court will deny the motion for default judgment. (D.I. 22.)

## V. CONCLUSION

For the above reasons, the court will grant in part and deny in part Sevenson's motion to dismiss. The court will deny its motion for a more definite statement, will grant DSWA's motion to dismiss, will grant Phifer's motion to supplement the complaint, will deny Phifer's motion to amend, will deny as premature Phifer's motions for summary judgment, and will deny Phifer's motion for default judgment. The Title VII November 12, 2008 and the September 28, 2009 discrimination claims will be dismissed without prejudice. Phifer will be given leave to supplement the record with proof that he exhausted administrative remedies for the claims. The claims that will remain against Sevenson are the Title VII retaliation claim, the § 1981 claim, and the WPCA claim. All claims against DSWA will be dismissed.

An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

$\underline{M \sim h \; 14}$, 2012
Wilmington, Delaware

21

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SAMUEL THOMAS PHIFER,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             ) Civ. Action No. 11-169-GMS
                                     )
SEVENSON ENVIRONMENTAL               )
SERVICES, INC. and DELAWARE          )
SOLID WASTE AUTHORITY,               )
                                     )
            Defendants.

**ORDER**

At Wilmington this $\underline{14^{th}}$ day of $\underline{March}$ , 2012, for the reasons set forth in the

Memorandum issued this date;

    1. The plaintiff's motion to supplement the complaint is **granted**. (D.I. 11.)

    2. The defendant Sevenson Environmental Service, Inc.'s motion to dismiss complaint is

**granted** in part and **denied** in part and the motion for a more definite statement is **denied**. (D.I.·

14.)

    3. The defendant Delaware Solid Waste Authority's motion to dismiss is **granted**. It is

dismissed as a defendant. (D.I. 16.)

    4. The plaintiff's motion to amend is **denied**. (D.I. 18.)

    5. The plaintiff's motions for summary judgment are **denied** without prejudice as

premature. (D.I. 18, 21.)

    6. The plaintiff's motion for default judgment is **denied**. (D.I. 22.)

7. The Title VII November 12, 2008 and the September 28, 2009 discrimination claims are **dismissed** without prejudice. Within thirty (30) days from the date of this order, the plaintiff shall supplement the record with proof that he exhausted administrative remedies for the November 12, 2008 charge of discrimination and the September 28, 2009 charge of discrimination.

CHIEF, UNITED STATES DISTRICT JUDGE