IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL THOMAS PHIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-169-GMS |
| | ) |
| SEVENSON ENVIRONMENTAL | ) |
| SERVICES, INC. and DELAWARE | ) |
| SOLID WASTE AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The plaintiff, Samuel Thomas Phifer ("Phifer"), appears *pro se* and has been granted leave to proceed in forma pauperis. On March 14, 2012, the court ruled on all pending motions and, in doing so, dismissed certain claims raised in the complaint and denied Phifer's motion to amend, motion for summary judgment as premature, and motion for default. (D.I. 28.) Now before the court is Phifer's motion for reargument pursuant to Local Rule 7.1.5, construed as a motion for reconsideration and the defendants' oppositions thereto. (D.I. 34, 37, 38.)

The standard for obtaining relief under Rule 59(e) is difficult for Phifer to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request

that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Phifer reargues all the issues ruled upon the court and disagrees with rulings against his position. In considering Phifer's motion, the court finds that he has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's March 14, 2012 memorandum and order at docket item 28. Accordingly, the court will deny the motion for reargument.

NOW THEREFORE, at Wilmington this 7th day of May, 2012, IT IS HEREBY ORDERED that the motion for reargument is **denied**. (D.I. 34.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

2